

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-85,071-01 & WR-85,071-02

### EX PARTE DAVID KENNARD VASBINDER III, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. CR-14-069 & CR-15-021
### IN THE 198TH DISTRICT COURT
### FROM BANDERA COUNTY

*Per curiam*. ALCALA, J., filed a concurring opinion in which JOHNSON, J., joined. YEARY, J., filed a concurring opinion in which KEASLER and HERVEY, JJ., joined.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and failure to appear and sentenced to imprisonment for twenty and five years, respectively. He did not appeal his convictions.

Applicant contends, among other things, that he was not competent at the guilty-plea and adjudication proceedings; adjudication-of-guilt counsel failed to file notices of appeal; and in the aggravated assault case, counsel failed to explain that Applicant could be sentenced to twenty years.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order guilty-plea and adjudication-of-guilt counsel to respond to Applicant's claims that he was incompetent and that he was not advised that he could be sentenced to twenty years in his aggravated assault case. The trial court shall also order adjudication-of-guilt counsel to respond to Applicant's claim that counsel failed to file notices of appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether (1) Applicant was competent at the guilty-plea and adjudication proceedings; (2) Applicant was denied his right to appeals because adjudication-of-guilt counsel failed to file notices of appeal; (3) counsel were deficient for not advising Applicant that he could be sentenced to twenty years in his aggravated assault case; and if so, (4) Applicant was prejudiced by this deficient advice. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 29, 2016
Do not publish